UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21367-CIV-ALTONAGA/Damian

**LEONARD ANDERS**,

    Plaintiff,
v.

**CARNIVAL CORPORATION**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint [ECF No. 10], filed on April 11, 2023. Plaintiff, Leonard Anders, filed a Response [ECF No. 16], to which Defendant filed a Reply [ECF No. 18]. The Court has carefully reviewed the Complaint [ECF No. 1], the parties' written submissions, and applicable law.

**I. BACKGROUND**

In May of 2022, Plaintiff took a vacation on the cruise ship *Carnival Magic*, owned and operated by Defendant. (*See* Compl. ¶¶ 3, 8). While the ship was at sea, Plaintiff decided to ride down one of the ship's water slides. (*See id*. ¶¶ 8–9). A crew member was posted at the top of the slide to "operate[], control[], and monitor[]" use of the slide. (*Id*. ¶ 9 (alterations added)). Once "the slide was clear from the previous passenger going down and exiting the slide[,]" the crew member would notify the waiting passenger that it was safe to go down the slide. (*Id*. (alteration added)). After Plaintiff went down the slide, the crew member at the top of the slide sent the waiting passenger down before Plaintiff had completely exited and cleared the slide. (*See id*.).

Consequently, the second passenger crashed into Plaintiff's shoulders and neck with his feet and body, causing Plaintiff severe injuries. (*See id*.).

Plaintiff brought this action to recover damages. The Complaint asserts two claims for relief. The first is a direct claim of negligence based on Defendant's breach of the duty to act with reasonable care regarding passenger safety on its ship. (*See id*. ¶¶ 10–14). The second alleges Defendant is vicariously liable for the negligence of the crew member posted at the top of the slide who sent the waiting passenger down too soon. (*See id*. ¶ 15).

Defendant moves to dismiss the Complaint, asserting it is a shotgun pleading. (*See* Mot. 17–20). It also seeks dismissal on the basis that the Complaint fails to state claims for relief because it improperly commingles direct and vicarious liability allegations, does not plead vicarious liability, and does not adequately plead notice. (*See id.* 3–17). While Plaintiff disagrees with these arguments (*see generally* Resp.), it requests leave to amend should the Court grant the Motion (*see id.* 6, 8, 9, 10, 14).[1] Although Defendant's notice arguments fail to persuade, the Court agrees that the Complaint is an impermissible shotgun pleading and is otherwise deficient due to Plaintiff's conflation of direct and vicarious liability.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b), which also covers pleadings, "require[s] that discrete claims . . . be plead[ed] in separate counts[.]" *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added; citations and footnote call number omitted). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty.*

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

*Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). District courts possess "inherent authority to *sua sponte* demand repleader of" shotgun complaints. *Thetford v. Hoover City of Graves*, 619 F. App'x 986, 987 (11th Cir. 2015) (citing *Magluta*, 256 F.3d at 1284 & n.3).

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added; quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation omitted). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678).

Courts evaluating motions to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

### III.  DISCUSSION

"Federal maritime law governs claims arising from alleged tort actions aboard ships sailing [o]n navigable waters." *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1306 (S.D. Fla. 2021) (alteration added; citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir.

1989)).[2] "In analyzing a maritime tort case, we rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quotation marks, citation, and footnote call number omitted).

To state a maritime negligence claim, a plaintiff must allege "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Id.* (citations omitted). The maritime standard of care requires "that the carrier have had actual or constructive notice of the risk-creating condition." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1286 (11th Cir. 2015). In other words, "[t]he scope of [a defendant's] duty to protect its passengers is informed, if not defined, by its knowledge of the dangers they face onboard." *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1044 (11th Cir. 2019) (alterations added).

"When the tortfeasor is an employee, the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the negligent acts of that employee acting within the scope of employment." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169 (11th Cir. 2021) (alteration adopted; quotation marks and citation omitted).

### A. Commingling Direct and Vicarious Liability Allegations

Defendant makes several interrelated arguments regarding the Complaint's deficiencies which are premised, in some way or another, on Plaintiff's commingling of direct and vicarious liability negligence theories. (*See* Mot. 12–20). Indeed, by virtue of Plaintiff's conflation of direct and vicarious liability, both claims include extraneous, irrelevant allegations and omit crucial allegations. Consequently, the Complaint violates Rules 8(a) and 10(b) and otherwise fails to state claims for relief, requiring dismissal.

---

[2] There is no dispute that federal maritime law governs this case. (*See* Compl. ¶¶ 5, 8–9 (deeming the action "a maritime tort" and alleging Plaintiff was injured on a ship while "at sea"); Mot. 2).

*Shotgun pleading.*

In *Weiland*, the Eleventh Circuit identified a non-exhaustive list of four common shotgun pleading archetypes: (1) "a complaint containing multiple counts where each count adopts the allegations of all previous counts," (2) a complaint full of "conclusory, vague, and immaterial facts[,]" (3) a complaint that does not separate "into a different count each . . . claim for relief[,]" and (4) a complaint that asserts multiple claims against multiple defendants without identifying which . . . defendants are responsible for which acts or omissions[.]" 792 F.3d at 1321–23 (alterations added; footnote call numbers omitted). Although the four "groupings cannot be too finely drawn," *id.* at 1321, the "unifying characteristic of all shotgun pleadings is that they fail to one degree or another . . . to give the defendants adequate notice of the claims against them[,]" *id.* at 1323 (alterations added; footnote call number omitted).

According to Defendant, the Complaint falls into the second and third *Weiland* categories — namely, a pleading "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and one that "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23 (footnote call number omitted). That is so, Defendant contends, because "Plaintiff's 'failure' allegations under both [c]laims are almost exactly the same[;]" and the alleged breaches of duty contain multiple claims that Plaintiff fails to set out in separate counts, instead adopting a "catch-all" approach under "the overall arch[es] of 'Negligence' and 'Vicarious Liability.'" (Mot. 18 (alterations added; quotation marks omitted)).

Regarding the second *Weiland* category, Defendant is correct that the Complaint includes "statements" not "obviously connected to a particular cause of action" (Mot. 18), and "conflates

the two claims" (Reply 7).  Under each claim, Plaintiff includes allegations only relevant to the other.  For example, under the direct negligence claim, Plaintiff states:

> 12.     [] [D]efendant, through its employees, agents, and crew members was negligent and breached its duty of care through the following acts of omission and commission:
>
>       . . .
>
> b.     Failing to properly monitor the bottom of the slide to be sure it was cleared before sending the passenger down after Plaintiff[];
>
>       . . .
>
> f.     Failing to make the passenger at the top of the slide wait for enough time so [] [P]laintiff could clear the slide at the bottom of the ride so that the passenger coming down the slide after [] [P]laintiff would not collide into [him.]

(Compl. ¶¶ 12(b), 12(f) (alterations added)).  Plaintiff further alleges that these and other failures "caused [his] injuries . . . because if [] [D]*efendant's crew* had acted properly with regard to sending the next passenger in line down the slide after Plaintiff[,] the passenger would not have collided with [P]laintiff."  (*Id.* ¶ 14 (emphasis and alterations added)).  These allegations are indicative of a vicarious liability claim, which "legally impute[s]" an "agent's negligence . . . to the non-negligent principal."  *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (alterations added; citation omitted).

Similarly, under the vicarious liability claim, Plaintiff alleges:

> 16.     Defendant [] owed [] [P]laintiff, as its passenger, the duty to act with reasonable care with regard to passenger safety on its ship.  This included but was not limited to properly and safely monitoring passenger traffic on the slide including sending passengers down the slide who were relying on the above-mentioned crewmember for safety when using the slide.
>
> 17.     Defendant and its crew member who sent the passenger after [Plaintiff] down at the time of the incident knew of the dangerous condition which occurs when passengers go down the slide too close in time to one another.  This is because it had specifically stationed the crew member at the top of the slide to monitor and control when passengers went down the slide.  The defendant has also had other passengers become injured by being run into

> on the slide by passengers going down the slide too early and before the person before them had cleared the slide.

(Compl. ¶¶ 16–17 (alterations added)).  Yet, "[u]nder a theory of vicarious liability, the duty and conduct of the Defendant, the shipowner, are not relevant." *Smith v. Carnival Corp. & PLC*, No. 22-cv-22853, 2022 WL 16791783, at *4 (S.D. Fla. Nov. 8, 2022) (alteration added; citing *Yusko*, 4 F.4th at 1169).

Plaintiff states he altered his allegations based on each theory of liability.  (*See* Resp. 11).  To some extent, Plaintiff is correct; there are distinctions between the allegations in each claim. (*See generally* Compl.).  Still, "[t]here is no question, when reading the negligence and vicarious liability counts, side-by-side," that they are "exceedingly similar" and include allegations relevant only to the other.  *Sexton v. Carnival Corp.*, No. 18-20629-Civ, 2018 WL 3405246, at *2 (S.D. Fla. July 12, 2018) (alteration added).  This commingling "is improper, confusing and violates Rule 10(b)[,]" requiring dismissal.  *Wohlford v. Carnival Corp.*, No. 17-cv-20703, 2017 WL 7731225, at *3 (S.D. Fla. May 11, 2017) (alteration added; citations omitted); *see Smith*, 2022 WL 16791783, at *3 (dismissing on shotgun pleading grounds a claim that commingled direct and vicarious liability allegations); *Gharfeh v. Carnival Corp.*, No. 17-20499-Civ, 2018 WL 501270, at *6 (S.D. Fla. Jan. 22, 2018) (same).

Turning to the third *Weiland* category, Defendant argues that the Complaint bundles a "laundry list of 'failures' under both of" its claims.  (Mot. 18).  Plaintiff contends it "makes sense [to do so] for this case" because the theories "are pled in the alternative but generally involve the same set of factual circumstances."  (Resp. 13 (alteration added)).  The Court agrees with Plaintiff — with one exception.

First, Plaintiff may allege a list of failures, i.e., different breaches of the same duty, within the same general negligence claim.  *See Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1360

7

(S.D. Fla. 2016) (declining to address list of alleged breaches, which defendant claimed imposed heightened duties, where the court had already determined negligence had been pleaded through negligent failure to warn); *Holguin v. Celebrity Cruises, Inc.*, No. 10-20215-Civ, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010) (declining to "strike alleged duties . . . in line-item fashion" where the claim alleged "facts supporting *a* duty of care" (alteration added; emphasis in original)).

Nevertheless, the Court agrees with Defendant that Plaintiff purports to bring a claim of negligent training nestled within his general negligence claim. (*See* Compl. ¶ 12(d)). Negligent training sounds in negligence but is a separate cause of action with distinct elements. *See Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-Civ-24668, 2021 WL 2592914, at *9 (S.D. Fla. Apr. 23, 2021) (collecting cases). To state a claim of negligent training, Plaintiff must allege Defendant "was negligent in the implementation or operation of the training program and the negligence cause[d] [his] injury." *Diaz*, 555 F. Supp. 3d at 1310 (alterations added; quotations marks and citation omitted). Because negligent training is a discrete claim, it must be pled separately. *See Reed*, 2021 WL 2592914, at *9.

Despite the Complaint's several shortcomings, Plaintiff insists the "claims are perfectly clear for the [D]efendant to understand the allegations against it to be able to formulate a response." (Resp. 14 (alteration added)). Perhaps. But "when shotgun complaints are allowed to survive past the pleadings stage, 'all is lost — extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.'" *Barmapov v. Amuial*, 986 F.3d 1321, 1329 (11th Cir. 2021) (Pryor, J. concurring) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998)). This "wreak[s] havoc on the judicial system." *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th

Cir. 2001) (alteration added). Simply put, Plaintiff cannot play fast and loose with the federal pleading standards, and the Complaint is due to be dismissed with the opportunity to amend.

***Substantive Commingling Deficiencies.*** Even if the Complaint was not subject to dismissal on shotgun pleading grounds, Defendant argues — and the Court agrees — that Plaintiff's commingling of direct and vicarious liability theories renders both of his claims substantively deficient, independently requiring dismissal. (*See* Mot. 12–17; Reply 6–10). Put differently, Plaintiff's claims are missing material elements.

For example, under Plaintiff's direct liability count, his only factual allegations regarding causation relate to the negligence of crewmembers, not Defendant. (*See* Compl. ¶ 13 ("The negligence outlined . . . directly and proximately caused the plaintiff's injuries . . . because if [] [D]*efendant's crew* had acted properly . . . , the passenger would not have collided with [P]laintiff." (alterations and emphasis added)). Plaintiff must plausibly allege that *Defendant* — the tortfeasor — caused Plaintiff's injury, and he has not done so. *See Yusko*, 4 F.4th at 1169. And under the vicarious liability count, Plaintiff sets out the duty owed by Defendant and that Defendant breached that duty (*see* Compl. ¶¶ 16, 18), rather than alleging Defendant's *employee*'s duty to Plaintiff and "specifically identifying how Defendant's employee breached a duty and how that breach caused Plaintiff's injury." *Smith*, 2022 WL 16791783, at *4.

Plaintiff's failure to adequately plead the elements of a direct or vicarious liability claim — seemingly caused by a cut-and-paste job gone wrong — requires dismissal on this ground alone. If Plaintiff repleads, he must carefully delineate between Defendant's direct negligence and its employee's negligence and include only the relevant elements for each.

Even though the Complaint is due to be dismissed, Defendant raised the issue of notice, which the parties extensively briefed (*see* Mot. 3–12; Resp. 3–8; Reply 2–6), so the Court

addresses this argument to curtail similar arguments from being raised after an amended complaint is filed.

### B. Direct Negligence Claim — Actual or Constructive Notice

Defendant's primary argument for dismissing the direct negligence claim is that Plaintiff fails to sufficiently plead notice. (*See* Mot. 3–12). Defendant deems Plaintiff's notice allegations conclusory and argues that the Complaint fails to "articulate[] a single fact that gives [Defendant] notice[.]" (*Id.* 11 (alterations added)). Plaintiff disagrees. So does the Court.

"Actual notice exists when the defendant knows about the dangerous condition." *Holland*, 50 F.4th at 1095 (citing *Keefe*, 867 F.2d at 1322; *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). Constructive notice exists when "the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures." *Id*. (quotation marks and citation omitted). A plaintiff can establish constructive notice by alleging "that the defective condition exist[ed] for a sufficient period of time to invite corrective measures." *Guevara*, 920 F.3d at 720 (alteration in original; quotation marks and citations omitted). Alternatively, a plaintiff can establish constructive notice by alleging "substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id.* (quotation marks and citation omitted).

Defendant argues that Plaintiff's allegations of notice are "conclusory and formulaic[.]" (Mot. 11 (alteration added)). More specifically, Defendant criticizes Plaintiff's reliance on substantially similar incidents without alleging the "specifics" of those incidents. (*Id.* 10). Further, Defendant deems Plaintiff's allegation of Defendant's actual notice — based on Defendant's stationing an employee at the top of the slide — "conclusory" and "short of *Holland*'s binding standard." (Reply 5).

10

Alone, Plaintiff's allegation of prior similar incidents may be insufficient to plausibly allege Defendant's constructive notice. *See Holland*, 50 F.4th at 1096 (concluding that allegations of frequent spills and prior slip and falls on the at-issue staircase were insufficient to establish constructive notice). But while *Holland* sets forth the two routes for alleging *constructive* notice in a maritime negligence case, *see* 50 F.4th at 1096, relevant here, a plaintiff may establish *actual* notice with "[e]vidence that a ship owner has taken corrective action[,]" *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020) (alterations added); *see also Bunch v. Carnival Corp.*, 825 F. App'x 713, 718 (11th Cir. 2020).

Several cases illustrate this point. In *Guevara*, the Eleventh Circuit explained that a warning sign near a step "allow[ed] for an inference that [the defendant] had actual or constructive knowledge that the step down could be deceiving, and therefore dangerous, to cruise passengers." *Guevara*, 920 F.3d at 720–22 (alterations added; citation omitted). Similarly, in *Sorrels*, cruise ship employees' testimony that the cruise line regularly placed "slippery when wet" warning signs created a genuine dispute of material fact as to the cruise line's notice that the deck was slippery. 796 F.3d at 1288–89.

Here, Plaintiff does not allege a warning sign, but another corrective measure: a crew member who was stationed at the top of the slide to ensure that precisely the type of accident Plaintiff suffered did not occur. (*See* Compl. ¶ 11). In *Carroll*, the Eleventh Circuit considered a similar situation. There, the plaintiff tripped over a lounge chair while crossing a cruise deck. *See Carroll*, 955 F.3d at 1263. Testimony showed the cruise line had taken certain steps to reposition lounge chairs — on the same deck where the plaintiff tripped — to maintain a clear walkway. *See id.* at 1266. The court concluded that "a reasonable jury could view th[e] testimony as evidence that [the defendant] ha[d] taken corrective measures — i.e., adopt[ed] a policy of keeping the

11

chairs in-line and/or in the upright position and instruct[ed] employees to ensure that they are not blocking the walkway — due to a known danger[.]" *Id.* (alterations added).

This case is distinguishable from *Newbauer v. Carnival Corp.*, 26 F.4th 931 (11th Cir. 2022), and *Holland*, 50 F.4th 1088, both of which Defendant cites, because in those cases, the plaintiffs relied exclusively on constructive notice theories. In both cases, the plaintiffs failed to plausibly allege either that the hazardous substance had existed for a sufficient time as to invite corrective measures or substantially similar incidents occurred. *See Newbauer*, 26 F.4th at 936; *Holland*, 50 F.4th at 1095–96. Here, by contrast, Plaintiff does not merely rely on constructive notice but alleges Defendant knew, i.e., had *actual* notice, of the hazard because Defendant put in place a corrective measure. (*See* Compl. ¶ 11).

In sum, Plaintiff's actual notice allegations, taken as true, suffice. *See Carroll*, 955 F.3d at 1263. It is more than reasonable to infer that Defendant's posting of an employee at the top of the slide to ensure sufficient time elapsed between guests means Defendant knew someone going down the slide too quickly posed a danger and took steps to prevent that harm. *See Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016) (explaining that courts "draw[] all reasonable inferences in a plaintiff's favor" when evaluating a motion to dismiss (alteration added; citation omitted)). Plaintiff has thus plausibly alleged Defendant's actual notice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint **[ECF No. 10]** is **GRANTED**. Plaintiff has until **July 12, 2023** to file an amended complaint.

CASE NO. 23-21367-CIV-ALTONAGA/Damian

**DONE AND ORDERED** in Miami, Florida, this 29th day of June, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record